UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL NORWOOD,                              :
    Petitioner,                              :
                                             :
v.                                           :   Case No. 3:23-cv-411 (VAB)
                                             :
UNITED STATES PAROLE COMMISSION,             :
    Respondent.                              :

**RULING AND ORDER**

Michael Norwood ("Petitioner"), filed this petition seeking a writ of mandamus under 28 U.S.C. § 1361 directing the United States Parole Commission ("the Commission") to conduct a dispositional review of the federal detainer lodged against him that complies with the procedural requirements set forth in 18 U.S.C. § 4214(b).

On October 26, 2023, the Court denied the petition.

Mr. Norwood has filed a motion under Federal Rule of Civil Procedure 59(e), seeking to alter or amend that judgment.

For the following reasons, Mr. Norwood's motion is **DENIED**.

**I.    STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) "permits a court to 'alter or amend judgment to correct a clear error of law or prevent manifest injustice.'" *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)); *see Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (specifically approving district court's authority under Rule 59(e) to "alter or amend [a] judgment to correct a clear error of law or prevent manifest injustice.").

"Rule 59(e) covers a broad range of motions, including motions for reconsideration. . . . " *Association for Retarded Citizens v. Conn. v. Thome*, 68 F.3d 547, 553 (2d Cir. 1995). However, it is well settled that Rule 59(e) may not be used to relitigate old issues, present the case under new theories, secure a rehearing on the merits, or otherwise take a "'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (quotation marks and citation omitted). "The 'narrow aim' of Rule 59(e) is 'to make clear that district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d Cir. 1991) (citation omitted). A motion to alter or amend judgment is an "extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (citation and quotation marks omitted).

       The standard for granting a Rule 59 motion "is strict, and reconsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a rule 59(e) motion is not the proper vehicle for a litigant dissatisfied with the court's ruling to reargue the same points that were previously raised and rejected. *See Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1985).

## II.  DISCUSSION

Mr. Norwood challenges the Court's rejection of his caselaw regarding service of the notice. He argues that the fact that the cited case concerning a forfeiture of property is a distinction without a difference.

Mr. Norwood fails to acknowledge, however, that the Court distinguished the cited case because in the case, the notice was merely mailed to a prison address; while here, the notice was sent to the warden with specific instructions to give the notice to Mr. Norwood and the record contained evidence that that had occurred. Even in property forfeiture cases, the Supreme Court does not require actual notice, only notice "'reasonably calculated' to apprise a party of the pendency of the action[.]" *Dusenbery v. United States*, 534 U.S. 161, 170-71 (2002). The record evidence shows efforts reasonably calculated to inform Mr. Norwood of the dispositional review.

In addition, Mr. Norwood now attempts to discredit the record evidence by stating that, at the time the notice was sent to the prison, "Lewisburg was the most violent prison in America," ECF No. 17 at 2, and arguing that delivering the notice to him would not have been a priority for the warden. This argument is ineffective for two reasons. First, it is speculative. *See Simpson v. City of New York*, No. 12 Civ. 6577(KBF), 2014 WL 595759, at *2 (S.D.N.Y. Feb. 10, 2014) (rejecting the plaintifff's "narrative" as "speculative" and denying motion for reconsideration). Second, as a Rule 59(e) motion is not available to relitigate issues already presented, Mr. Norwood cannot use his motion for reconsideration to assert facts he could have included in his motion. *See Feltz v. Vann*, No. 9:19-CV-0387(BKS/ATB), 2019 WL 1934414, at *3 n.1 (N.D.N.Y. May 1, 2019) (petitioner's statements that his criminal conviction was inappropriate, his request for bail was improperly denied, and a direct appeal would be too slow are "completely speculative and insufficient to warrant reconsideration"); *Schoolctraft v. City of New*

*York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) ("A party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court[.]'") (citation omitted).

In his reply brief, Mr. Norwood contends that the Court's statement that the dispositional review had no effect on his sentence is incorrect because the presence of the detainer prevents him from being transferred to a federal prison camp or permitted community furlough. The Court stated that, during the dispositional review, the Commission does not decide whether the alleged parole violations, which gave rise to the detainer, warrant revocation of parole. Thus, any determination regarding whether parole should be revoked thereby extending Mr. Norwood's time in confinement, is not determined until the parole hearing. As Mr. Norwood's sentence was not extended by the dispositional review, the Court's statement was not incorrect. *See Pugliese v. Nelson*, 617 F.2d 916, 923–24 (2d Cir. 1980) (prisoner's classification, or the existence of a detainer "in practice delays or precludes a prisoner from being favorably considered for furloughs, transfers, work releases, participation in community activities and even early parole, but the fact remains that these freedoms are mere possibilities" with no guarantee); *Ladd v. Thibault*, No., 2009 WL 3248143, at *5 (D. Vt. Oct. 6, 2009) (citing cases noting that eligibility for furlough has no impact on length of sentence). Mr. Norwood's claims of ineligibility for transfer to a camp or furlough are attempts to bolster his motion with arguments he could have presented before judgment but did not do so.

In addition, Mr. Norwood does not have a right to transfer to a prison camp or furlough. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be transferred to particular prison facility); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (prisoners have no constitutional right to be confined in any particular correctional facility or under any particular

conditions); *Santos v. United States*, No. 12-CV-4836(DLI), 2013 WL 1952509, at *1 (E.D.N.Y. May 10, 2013) (no constitutional right to furlough).

### III.   CONCLUSION

Mr. Norwood's motion for reconsideration under Rule 59(e) [ECF No. 17] is **DENIED**.

**SO ORDERED** this 23rd day of August, 2024, at New Haven, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge